IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Mary Virginia Belton, | ) | C/A No. 3:14-2118-JMC-PJG |
|                   Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Chuck Hagel, *Secretary of Defense Army & Airforce Exchange*; Donald Sydik; and Leatrice Peyton, | ) ) ) | |
|                   Defendants. | ) | |

The plaintiff, Mary Virginia Belton, a self-represented litigant, filed this employment case asserting claims that the court construed as alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq.,[1] against her former employer and two individual defendants. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendants' motion to dismiss or, in the alternative, for summary judgment. (ECF No. 25.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Belton of the summary judgment and dismissal procedures and the possible consequences if she failed to respond adequately to the defendants' motion. (ECF No. 26.) Belton filed a response in opposition. (ECF No. 28.) Having reviewed the parties' submissions and the applicable law, the court finds that the defendants' motion should be granted.

---

[1] See Order, ECF No. 20 (authorizing service of process following initial screening pursuant to 28 U.S.C. 1915 and construing *pro se* complaint to assert claims under Title VII and no other claims).



## BACKGROUND

Belton was formerly employed as a store associate at a facility of the Army and Air Force Exchange Services ("AAFES"). Her employment was terminated effective November 14, 2011 after she cashed four personal checks for $300 each at various AAFES facilities in July of 2011, knowing that she did not have sufficient funds to cover the checks. Belton contends that she believed she had overdraft protection.

After her employment was terminated, Belton contacted the Equal Employment Opportunity office ("EEO") and ultimately filed a formal complaint of discrimination on March 12, 2012. The AAFES EEO issued a Final Agency Decision denying her complaint. Belton received that decision on December 17, 2012. Belton appealed the denial of her complaint on January 28, 2013. Her appeal was dismissed as untimely and she sought reconsideration, which was denied. This action followed.

## DISCUSSION

**A.     Summary Judgment and Dismissal Standards**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged.



Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

Further, summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* [dispute] of *material fact*." Ballinger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987) (emphasis in original) (internal quotation marks & citation omitted). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. Id. at 257.

In discrimination cases, a party is entitled to summary judgment if no reasonable jury could rule in the non-moving party's favor. Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 645 (4th Cir. 2002). The court cannot make credibility determinations or weigh the evidence, but the court should examine uncontradicted and unimpeached evidence offered by the moving party. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). The court must determine whether a party's offered evidence is legally sufficient to support a finding of discrimination and look at the strength of a party's case on its own terms. See id. at 148 (stating that "[c]ertainly there will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational fact-finder could conclude that the action was discriminatory").

**B.     Exhaustion of Administrative Remedies**

Title VII creates a right of action for employees alleging "discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a). Federal employees alleging discrimination "must, however, exhaust their administrative remedies before exercising this right." Laber v. Harvey, 438 F.3d 404, 415 (4th Cir. 2006). A federal employee does so by first contacting an EEO counselor "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). If, after meeting with a counselor, the employee wishes to continue with the complaint process, he must file a formal complaint, which the agency must investigate. 29 C.F.R. §§ 1614.106, 1614.108.

The United States Court of Appeals for the Fourth Circuit has summarized the process by which a federal employee may seek relief from unlawful discrimination as follows:



> A federal employee who believes that his employing agency discriminated against him in violation of Title VII must file an administrative complaint with the agency. See 29 C.F.R. § 1614.106. The agency investigates the claim, see 29 C.F.R. § 1614.108-109, and, if it concludes there was no discrimination, it issues a final agency decision to that effect, see 29 C.F.R. § 1614.110.

Laber, 438 F.3d at 416.  The Fourth Circuit further noted that a federal employee may then appeal the agency's decision to the Office of Federal Operations ("OFO") of the Equal Employment Opportunity Commission ("EEOC") or may "opt-out of the administrative process at this point by filing a de novo civil action." Id. at 416 & n.9 (citing 29 C.F.R. §§ 1614.407(a), 1614.407(c); 42 U.S.C. § 2000e-16(c)).  If the employee chooses to appeal the decision to the EEOC, the employee must do so within 30 days of receipt of the final agency decision, 29 C.F.R. § 1614.402, and then the employee may file a civil action with the district court after 180 days have elapsed from the filing of the appeal with the Commission or within 90 days of receiving the Commission's final decision. 29 C.F.R. § 1614.407(c) & (d).  Untimeliness of an administrative charge or a complaint in federal court does not deprive the federal court of subject matter jurisdiction; rather, these deadlines, like a statute of limitations, are subject to waiver, estoppel, and equitable tolling. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); Laber, 438 F.3d at 429 n.25.

Here, Belton indisputably did not file her appeal from the EEO's final agency decision to the EEOC within thirty days.  As noted above, however, in certain circumstances the statutory deadlines for exhaustion of administrative remedies may be equitably tolled.  See Zipes, 455 U.S. at 393; Laber, 438 F.3d at 429 n.25; Manning v. Potter, C/A No. 3:04-cv-00007-W, 2007 WL 922934, at *2 (W.D.N.C. Mar. 26, 2007).  Generally, to warrant equitable tolling of a statutory deadline, a plaintiff must show:  "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)

(citation omitted); see also Irvin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990) (indicating that equitable tolling has not been allowed "where the claimant failed to exercise due diligence" and it does not extend to "garden variety claim[s] of excusable neglect"). Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003) (*en banc*) (internal quotation marks and citation omitted).

Belton's excuse for failing to timely file her appeal is not the sort that courts have recognized as warranting equitable tolling of the deadline. Although she sought reconsideration of the dismissal of her appeal as untimely[2] on the medical bases of tinnitus (ringing in the ears) and gaze palsy (eye movement disorder), she has not offered any argument or evidence that those conditions were so debilitating that they prevented her from timely filing her appeal. Cf. Rouse, 339 F.3d at 248 & n.10 (holding that the district court did not abuse its discretion in denying equitable tolling due to a petitioner's medical condition when he failed to provide a reason why his medical condition barred him from filing a timely petition); Wilson v. VA D.O.C., No. 7:09CV00127, 2009 WL 3294835, at *4 (W.D. Va. Oct. 13, 2009) ("Allegations of even serious mental illness or physical injuries are not sufficient to warrant invocation of equitable tolling unless petitioner also demonstrates how these conditions constituted an extraordinary circumstance that prevented him from filing a timely petition."). Thus, Belton failed to comply with the timeliness requirements prior to bringing a civil

---

[2] Belton did not address the defendant's argument regarding the thirty-day deadline in her response in opposition to summary judgment.



action in this court, and her claims must be dismissed.[3]  See 29 C.F.R. § 1614.402 (stating that if the employee chooses to appeal the decision to the EEOC, the employee must do so within thirty days of receipt of the final agency decision); Teal v. Singleton, 131 F. App'x 431, 432 (4th Cir. 2005) (*per curiam*) (finding that the district court correctly dismissed plaintiff's Title VII and ADEA cases on the ground that the plaintiff failed to timely exhaust her administrative remedies by failing to file an appeal to the EEOC of the United States Postal Service's decision within thirty days); Lewis v. Potter, C/A No. 6:09-570-HFF-WMC, 2009 WL 4823893, at *4 (D.S.C. Dec. 14, 2009) (collecting cases holding that failure to timely appeal to the EEOC or OFO subjects the district court case to dismissal).

Additionally, Belton's claims against Defendants Sydik and Peyton fail for the separate and independent reason that the law does not permit such claims against individuals.  See 42 U.S.C. § 2000e-16(c) (stating that an employee "if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in section 2000e-5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant"); Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998).

---

[3] The defendant asserts that Belton's claims are also time barred because she did not make initial contact with the EEO within forty-five days of her termination as required by 29 C.F.R. § 1614.105(a)(1).  In response, Belton submits documents that suggest she may have contacted the EEO before January 13, 2012 as the defendant asserts.  However, since her claims are time barred in any event for failing to appeal the EEO's final agency decision within thirty days as mandated by 29 C.F.R. § 1614.402, the court need not address this issue.



## RECOMMENDATION

For all of the foregoing reasons, the court recommends that the defendant's motion (ECF No. 25) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 9, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' "  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).