# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Mary Virginia Belton, ) | Civil Action No. 3:14-cv-02118-JMC |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Chuck Hagel, *Secretary of Defense, Army &* ) | |
| *Air Force Exchange*; Donald Sydik; and ) | |
| Leatrice Peyton ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Mary Virginia Belton ("Plaintiff") filed this action pro se asserting claims against Defendants that the court construed as alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e-17. (ECF No. 1.)[1] Defendants Chuck Hagel, Secretary of Defense, Army & Air Force Exchange, Donald Sydik, and Leatrice Peyton (collectively "Defendants") deny that Plaintiff has complied with administrative prerequisites to file suit (ECF No. 25). This matter is before the court on Defendants' Motion to Dismiss the Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), or, alternatively, Defendants move for summary judgment per Fed. R. Civ. P. 12(d) and 56. (Id.)

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial handling. On February 9, 2015, the Magistrate Judge issued a Report and Recommendation in which she recommended that the court grant Defendants' Motion to Dismiss or, in the alternative, for Summary Judgment based on Plaintiff's failure to timely exhaust her administrative remedies. (ECF No. 31.) Plaintiff filed an objection to the Magistrate Judge's recommendation based on the untimeliness of Plaintiff's appeal to the Equal Employment Opportunity Commission

---

[1] See Order, ECF No. 20 (construing pro se complaint to assert Title VII claims and no others).

("EEOC"). (ECF No. 34.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's recommendation and **GRANTS** Defendants' Motion to Dismiss.

## I.     RELEVANT BACKGROUND TO PENDING MOTION

The facts as viewed in the light most favorable to Plaintiff are discussed in the Report and Recommendation. (See ECF No. 31.) Upon independent review, the court concludes that the Magistrate Judge's factual summation is accurate and incorporates it by reference. The court will only reference herein facts pertinent to the analysis of Plaintiff's claims.

Plaintiff alleges she suffers from tinnitus and gaze palsy and that these conditions prevented her from timely appealing the agency's decision to the EEOC. (ECF No. 25-7 at 1-2.) Plaintiff requested that the EEOC reconsider the dismissal of her appeal, but the EEOC denied the request per 29 C.F.R. § 1614.405(c). (ECF No. 25-8 at 1 ¶¶ 1, 3.) Thereafter, on June 2, 2014, Plaintiff filed a Complaint pro se in the United States District Court for the District of South Carolina, alleging retaliatory and wrongful termination of employment. (ECF No. 1 at 1, 5.) On October 14, 2014, Defendants made a Motion to Dismiss or, in the alternative, for Summary Judgment. (ECF No. 25 at 1.) Plaintiff issued a response with attachments regarding her initial contact with the EEOC. (ECF No. 28 at 1-2 ¶¶ 1-3.) On February 9, 2015, the Magistrate Judge issued the aforementioned recommendation that the court grant Defendants' Motion to Dismiss or, in the alternative, for Summary Judgment. (ECF No. 31 at 1.) On February 24, 2015, Plaintiff objected to the Report and Recommendation, requesting that the court not grant the dismissal. (ECF No. 34 at 1.)

## II.     LEGAL STANDARD

A. The Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this court. The recommendation

has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). A district court need only undertake a de novo review of those portions of a magistrate judge's report to which "specific written objection" has been filed. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). However, where there are untimely filings of objections, objections to strictly legal issues, or mere "general and conclusory objections," a magistrate judge's recommendation is only reviewable for clear error. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

B. Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of the facts alleged in the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). A legally sufficient pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The court may also look to documents outside the complaint when they are integral to and explicitly relied on in the complaint without converting a 12(b)(6) motion into one for summary judgment where the authenticity of the documents is not challenged. E. I. du Pont de Nemours & Co. v. Kolon Indus., 637 F.3d 435, 448 (4th Cir. 2011) (internal citation and quotations omitted).

In order to defeat a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint should contain enough factual matter, which when accepted as true, states "'a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). Facial plausibility exists when "the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  All factual allegations within a complaint must be accepted as true when considering a motion to dismiss. Erickson v. Pardus, 551 U.S. 89, 94 (2007).  A pro se litigant is entitled to "special judicial solicitude," but a court is not mandated to recognize vague claims or complaints that fail "to allege anything that even remotely suggests a factual basis for the claim." Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990).

   C. Motions for Summary Judgment Pursuant to Fed. R. Civ. P. 56

When issues outside the pleadings are presented to and considered by the court, a Rule 12(b)(6) or 12(c) motion is treated as a motion for summary judgment per Rule 56.  Fed. R. Civ. P. 12(d).  Summary judgment should be granted to the moving party when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Parties may support or refute that a fact is not genuinely disputed by citing to specific parts of materials in the record or by showing that cited materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence in support of that fact." Fed. R. Civ. P. 56(c)(1).  Where there is only *some* alleged factual dispute, a motion for summary judgment will not be defeated; there must be no *genuine* issue of *material* fact.  Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 247-48 (1986) (emphasis in original).  Facts are "material" when they could affect the disposition of a suit given the applicable law. Id. at 248.  A dispute regarding a material fact is "genuine" where a reasonable jury could return a verdict for the non-movant. Id. at 257.

Evidence is viewed in the light most favorable to the non-movant, and all reasonable inferences are drawn in the non-movant's favor. Baynard v. Malone, 268 F.3d 228, 234 (4th Cir. 2001).  When considering the evidence for summary judgment, the court "may not make

credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). As to discrimination cases specifically, even where a plaintiff has set out a prima facie case, an employer is entitled to summary judgment where the record shows non-discriminatory reasons for the employer's decision or where there is abundant and undisputed evidence that no discrimination occurred. Id. at 148.

D. Claims Under Title VII

Title VII prohibits "discrimination on the basis of race, color, religion, sex, national origin, age, or disability" as concerns public employees and provides these employees with a right of action. 42 U.S.C. § 2000e-16(a). Federal employees alleging discrimination "must, however, exhaust their remedies before exercising this right." Laber v. Harvey, 438 F.3d 404, 415 (4th Cir. 2006). Therefore, a federal employee must first contact an EEO counsellor "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). After counseling, the employee may file a complaint with the allegedly discriminatory agency, which that agency must then investigate. 29 C.F.R. §§ 1614.106, 1614.108. If the agency finds there was no discrimination, a final agency decision is issued to that effect with notice of the employee's right to appeal to the EEOC. 29 C.F.R. § 1614.110.

A federal employee may appeal the agency decision to the Office of Federal Operations ("OFO") of the EEOC or may "opt-out of the administrative process . . . by filing a de novo civil action." Laber, 438 F.3d at 416, 416 n.9 (citing 29 C.F.R. §§ 1614.407(a), 1614.407(c); 42 U.S.C. § 2000e-16(c)). An employee's appeal to the EEOC must be filed within 30 days of the receipt of the final agency decision. 29 C.F.R. §1614.402(a). An employee may then file a civil action after 180 days from the filing of the appeal with the EEOC where no final decision has

been reached or within 90 days of receipt of the EEOC's decision regarding the appeal. 29 C.F.R. § 1614.407(c) and (d).

The filing of "a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in a federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Zipes v. Trans World Airlines, 455 U.S. 385, 393 (1982). Further, appeals to the EEOC are subject to 29 C.F.R. § 1614.403(c), which states, "[i]f an appellant does not file an appeal with the time limits of this subpart, the appeal shall be dismissed by the Commission as untimely." 29 C.F.R. § 1614.403(c). While certain circumstances warrant equitable tolling, it is only available in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks and citation omitted). To warrant equitable tolling, a litigant must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Equitable tolling does not extend to "garden variety claim[s] of excusable neglect." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). Further, the Fourth Circuit has held that failure to exhaust administrative remedies in a timely manner in a Title VII claim can result in dismissal. Teal v. Singleton, 131 F. App'x 431, 432 (4th Cir. 2005) (per curiam).

### III.     ANALYSIS

Plaintiff alleges that she was wrongfully terminated from her employment. (ECF No. 1 at 5.) Plaintiff's employment was terminated after she cashed personal checks at Army and Air Force Exchange Services ("AAFES") knowing she did not possess sufficient funds. (ECF No. 25-5 at 2.) AAFES issued a final decision that Plaintiff's allegation of discrimination was

without merit. (Id. at 3.) Plaintiff's appeal to the EEOC followed. (ECF 25-6 at 1.)

      A. The Magistrate Judge's Report and Recommendation

Upon her review, the Magistrate Judge concluded that Plaintiff did not file her appeal from the final agency decision to the EEOC within the requisite 30-day period. (ECF No. 31 at 5.) Therefore, to survive Defendants' motion, the Magistrate Judge examined whether Plaintiff's excuse for failing to appeal within the time period warranted equitable tolling. (ECF No. 31 at 6.) The Magistrate Judge recommended dismissing Plaintiff's discrimination claim because Plaintiff did not offer any argument or evidence of how her medical conditions of tinnitus and gaze palsy were "so debilitating that they prevented her from timely filing her appeal." (ECF No. 31 at 6-7.)

In reaching this conclusion, the Magistrate Judge referenced Rouse, where the district court did not err in denying equitable tolling where a prisoner failed to explain how his medical condition prevented him from filing a timely appeal. (ECF No. 31 at 6 (citing 339 F.3d at 248).) Moreover, the Magistrate Judge cited support for the proposition that mere allegations of physical or mental illness are insufficient, as the petitioner must also demonstrate "how these conditions constituted an extraordinary circumstance that prevented him from filing a timely petition." (ECF No. 31 at 6 (citing Wilson v. VA D.O.C., No. 7:09CV00127, 2009 WL 3294835, at *4 (W.D. Va. Oct. 13, 2009)).) Given that Plaintiff failed to comport with timeliness requirements and equitable tolling did not apply, the Magistrate Judge asserted that Plaintiff's case must be dismissed. (ECF No. 31 at 6-7 (citing C.F.R. § 1614.402; Teal, 131 F. App'x at 432).) Additionally, the Magistrate Judge reasoned that the discrimination claims against Defendants Sydik and Peyton fail for the "separate and independent reason that the law does not permit such claims against individuals." (ECF No. 31 at 7 (citing 42 U.S.C. § 2000e-16(c)).) As

a result of the foregoing, the Magistrate Judge recommended dismissal or, alternatively, summary judgment for Defendants.

   B.  The Parties' Arguments Regarding the Magistrate Judge's Recommendation

In her objection to the Magistrate Judge's Report and Recommendation, Plaintiff reiterates that her medical conditions of tinnitus and gaze palsy hindered her from meeting the 30-day deadline to appeal her final agency decision to the EEOC. (ECF No. 34 at 1.) Plaintiff argues that her medical conditions had the effect of increasing her concern for her son and her fear of losing medical insurance, causing her to not file the appeal to the EEOC in a timely manner.[2] (ECF No. 34 at 1.) Defendants did not reply to Plaintiff's objection.

   C.  The Court's Review

Upon receipt of a final agency decision, an employee must appeal to the EEOC within 30 days. 29 C.F.R. § 1614.402(a). Plaintiff received the final agency decision on December 17, 2012; however, she did not file her appeal until January 24, 2013. (ECF No. 25-6 at 1 ¶ 2.) Plaintiff's failure to exhaust her administrative remedies in a timely manner can result in dismissal. See Teal, 131 F. App'x at 432.

Because her appeal was untimely, Plaintiff argues that her medical conditions warrant equitable tolling. In support of her argument, Plaintiff and her physician submitted notes stating that Plaintiff suffers from tinnitus and gaze palsy.[3] (ECF No. 25-7 at 1-2.) Upon review, the court finds that these notes fail to show that Plaintiff pursued her rights diligently or explain how

---

[2] The court observes that Plaintiff did not explicitly object to the Magistrate Judge's findings that the claims against Defendants Sydik and Peyton fail on independent grounds that "the law does not permit such claims against individuals." (ECF No. 31 at 7.)

[3] Consideration of information within the EEOC's decision regarding Plaintiff's appeal and Plaintiff's request for reconsideration of the EEOC decision does not convert the Rule 12(b)(6) motion into one for summary judgment because Plaintiff's Complaint makes explicit reference to these documents by citing her designated EEOC appeal number, and these documents contain information integral to Plaintiff's Complaint. See E. I. du Pont de Nemours and Co., 637 F.3d at 448.

these medical conditions amounted to "extraordinary circumstances" that hindered appeal. See Pace, 544 U.S. at 418. Since her medical conditions do not warrant equitable tolling, Plaintiff fails to show the timely exhaustion of her administrative remedies because Plaintiff's appeal was not within the 30-day period.

In summary, because Plaintiff failed to appeal to the EEOC within 30-days and her medical conditions did not warrant equitable tolling of that period, Defendants are entitled to dismissal per Rule 12(b)(6). Therefore, the court accepts the Magistrate Judge's recommendation to grant Defendants' Motion to Dismiss.

## IV.   CONCLUSION

For the reasons set forth above, the court hereby **GRANTS** Defendants Chuck Hagel, Secretary of Defense, Army & Air Force Exchange, and Donald Sydik, and Leatrice Peyton's Motion to Dismiss. (ECF No. 25.) The court adopts the Magistrate Judge's Report and Recommendation (ECF No. 31) and incorporates it herein by reference.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

May 22, 2015
Columbia, South Carolina

9